IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

AMY J. WILLIAMS                                                PLAINTIFF

v.                      Case No. 3:12-cv-00171-KGB

CAROLYN W. COLVIN, Acting Commissioner,           DEFENDANT
Social Security Administration

**ORDER**

Before the Court is plaintiff Amy J. Williams's motion for attorney's fees and costs pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d) (Dkt. No. 14). The Commissioner responded and agrees that Ms. Williams is entitled to EAJA fees and that fees should be awarded to the prevailing party. The Commissioner objects, however, to the number of hours of attorney time for which Ms. Williams seeks reimbursement; Ms. Williams's use of the same hourly rate for attorney services rendered in 2011, 2012, and 2013; and Ms. Williams's counsel's assertion that Ms. Williams has assigned her rights to EAJA fees and expenses (Dkt. No. 15). Ms. Williams has replied, amending the requests in her motion and agreeing to the Commissioner's suggested hourly rates for 2011, 2012, and 2013 (Dkt. No. 16). In her reply, Ms. Williams requests attorney's fees in the amount of $7,482.53. The Commissioner submits that a reasonable fee award would be no more than $4.987.38. For the following reasons, Ms. Williams's motion is granted in part and denied in part.

       **I.**        **Reduction of Hours for Excessive Time**

Taking each of the Commissioner's objections in turn, the Commissioner first argues that Ms. Williams's request for attorney's fees should be reduced because her request is excessive and not properly compensable under the EAJA. Ms. Williams requests attorney's fees for 39.10 hours, including 28.70 hours spent reviewing the administrative record and drafting and

reviewing the brief. The Supreme Court has held that the district court has the power to exclude from attorney's fee calculations hours that are not "reasonably expended." *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983). Ms. Williams's counsel, therefore, is charged to exercise "billing judgment" and should make a good faith effort to exclude from his fee request hours that are excessive, redundant, or otherwise unnecessary. *Id.* The Commissioner argues that 28.70 hours is "clearly an excessive amount of time to review the transcript and write a brief on issues common to a Social Security Disability attorney" and requests that the Court reduce the amount of hours by 12 hours to 16.70 hours, for a total reduced number of 27.10 hours.

The Commissioner cites to multiple cases in this Court with EAJA fee awards ranging from $1,579.27 to $3,782.50. In *McCarty v. Astrue*, wherein plaintiff was awarded $3,782.50 in EAJA attorney's fees, the Court found that the usual time claimed in cases involving issues that are not particularly complex or novel is 15 to 20 hours and that plaintiff's counsel did not contend that plaintiff's case involved complex issues. 2012 WL 2571229, *3 (E.D. Ark. July 2, 2012). The *McCarty* court found that a reasonable time for preparing a brief in that case was 13.375 hours, for a total of 22.25 hours in that case. *Id.* By comparison, in the instant case, the Commissioner seeks to reduce Ms. Williams's counsel's hours spent preparing the brief to 16.70 compensable hours, for a total of 27.10 hours. Ms. Williams responds that her case, while fairly standard in nature, contained issues that were very specific to her case, that her attorney developed case law and arguments concerning the shift in the burden of proof at Step Four, and that her brief is significantly longer than the brief in *McCarty*. This Court will reduce the compensable time spent reviewing the administrative record and drafting and reviewing the brief to 20 hours, for a total of 30.40 compensable hours. The Court notes that while it will award fees for preparation of the petition for EAJA fees (Dkt. No. 14), given the overall assessment of the

petition and this Court's award, the Court will not award additional fees for preparing the reply to the Commissioner's response for EAJA attorneys' fees and request for addional fees (Dkt. No. 46).

## II.     The Proper Hourly Rate Under the EAJA for 2011, 2012, and 2013

Ms. Williams agrees to the Commissioner's suggested hourly rate under the EAJA for 2011, 2012, and 2013.  Thus, the Court will use as the hourly rate $181.00 for hours worked in 2011, $184.00 in 2012, and $185.25 in 2013.

## III.     Invalid Assignment of Claim

Finally, the Commissioner objects to Ms. Williams's purported assignment of attorney's fees to her attorney (Dkt. No. 14).  Ms. Williams acknowledges that the United States has the right to offset certain debts owed by her before the disbursement of attorney's fees to her or her attorney.  The Commissioner and the Court agree.  *See Astrue v. Ratliff*, 130 S.Ct. at 2521, 2526 (2010).  Ms. Williams, however, states that *Ratliff* makes no requirement that the assignment be post any award or fee.  The Commissioner objects, citing the Anti-Assignment Act ("A-A Act"), 31 U.S.C. § 3727(b), for the proposition that a valid "assignment may be made only after a claim is allowed, the amount of the claim is decided, and a warrant for payment of the claim has been issued."  The Court agrees that, under strict compliance with the A-A Act, and without a waiver by the government, EAJA attorney's fees are directly payable to Ms. Williams and not to Ms. Williams's counsel.  The Commissioner states that the government may waive strict compliance with the A-A Act when the Court issues this Order for EAJA fees payable to plaintiff and if the Commissioner determines that Ms. Williams does not owe a debt to the United States.  Ms. Williams requests that this Order direct that the payment, after any offset, be mailed to her attorney's address.  The Court grants this request, directing that the Commissioner certify the

award as calculated by this Order, that the award be made payable to Ms. Williams, and that the award be mailed to her attorney's address.

### IV.     Conclusion

For good cause shown, the Court finds and directs:

1.     The Court approves attorney's fees and costs in the following amount:

>     2011    1.15 hours @ $ 181.00 = $208.15
>
>     2012    25.70 hours @ $ 184.00 = $4,728.80
>
>     2013    3.55 hours @ $ 185.25 = $657.64.

This equates to a total of ($5,594.59 in attorney's fees and $196.70 in costs and expenses for a total award of $5,791.29.

2.     The EAJA fee award is payable to Ms. Williams and to be mailed to Ms. Williams's counsel, subject to any offset to satisfy any pre-existing debt Ms. Williams owes to the United States. *Ratliff*, 130 S.Ct. 2527.

3.     The Commissioner shall certify said award and pay this amount.

SO ORDERED this 17th day of July, 2014.

_____
Kristine G. Baker
United States District Judge